IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MIKE C. MATSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 23-1075-JWB-GEB |
| | ) |
| **ELECTREX INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff Mike C. Matson's Motion for Appointment of Counsel Pursuant to 23 USC § 1915(e)(1) ("Motion") (**ECF No. 34**). For the reasons outlined below, Plaintiff's Motion is **DENIED** without prejudice as to refiling.

For parties who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[1] However, there is no constitutional right to counsel in a civil action.[2] The Court, in its discretion, evaluates multiple factors when deciding whether to request an attorney for an indigent party.[3] In *Castner v. Colo. Springs Cablevision*,[4] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to

---

[1] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).

[2] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).

[3] *Jackson*, 2014 WL 494789, at *1.

[4] *Castner*, 979 F.2d at 1422.

appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel.

The Court's appointment power must be thoughtfully and prudently used so willing counsel may be located,[5] but consideration of the increase in pro se filings and the limited number of attorneys willing to accept pro bono appointment is very important.[6] Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel, the Court typically requires a party meet and confer with at least five attorneys regarding the case.[7]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. Plaintiff has satisfied the first prong of the *Castner* analysis – he is unable to afford counsel, as established in his Motion to Proceed *in forma pauperis*, with Poverty Affidavit and Inmate Statement Account filed in state court.[8]

Plaintiff fails the second factor. His motion does not demonstrate any efforts to obtain counsel. The Court understands Plaintiff's custodial constraints and does not decide the motion on this factor alone. However, the Court is hopeful with time and diligence, Plaintiff may secure an attorney to represent him.

---

[5] *Castner*, 979 F.2d at 1421.
[6] *Jackson,* 2014 WL 494789, at *3.
[7] *Id.,* at *2.
[8] ECF No. 2.

The third factor of *Castner* requires the Court find Plaintiff has stated a valid claim. The Court has reviewed the allegations of Plaintiff's Petition and, if taken as true, finds the facts alleged tend to support his claims for breach of contract and retaliatory discharge.[9]

Plaintiff fails the fourth factor -- the plaintiff's capacity to prepare and present the case without the aid of counsel, at this time. Plaintiff's case is not unusually complex and there is no indication, at least in this early stage of litigation, Plaintiff cannot adequately represent himself. To date Plaintiff has appeared before the Court at a Scheduling Conference and a Discovery Conference. He thoughtfully articulated cogent arguments in support of his positions. His filings reflect some understanding of court rules and procedures, and the relevant law. Plaintiff alleges following the recent discovery conference it has become clear the case will require depositions and his confinement and lack of available funds restrict his ability to conduct depositions. The need for discovery or depositions alone does not necessarily support the need for counsel.[10]

The Court is cognizant, "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[11] as the case moves forward. Postponing a decision to appoint counsel at this early stage allows the Court to gain more information

---

[9] ECF No 1-3.
[10] *McCleland v. Raemisch,* No. 20-1390, 2021 WL 4469947, at *5 (10th Cir. Sept. 30, 2021) (appellate court did not find an abuse of discretion in denying motion to appoint counsel where the record convinced the court plaintiff was "intelligent and resourceful enough" to apply the Rules of Evidence in a deposition setting); *Hood v. Murphy*, No. 08-3112-SAC, 2008 WL 5274614, at *1 (D. Kan. Dec. 16, 2008) (district court denied without prejudice motion for appointment of counsel with plaintiff alleging complexity of case, his need for depositions, medical experts, and discovery).
[11] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).

about both the merits of Plaintiff's claims and his ability to present this case to the Court.[12] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[13]

For the reasons outlined above, **IT IS ORDERED** Plaintiff Mike C. Matson's Motion for Appointment of Counsel Pursuant to 23 USC § 1915(e)(1)  (**ECF No. 16**) is **DENIED without prejudice as to refiling** as the case continues to go forward.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 15th day of August 2023.

s/  Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[12] *Id.*
[13] *Zillner v. Brennan*, No. 15-9904-DDC, 2016 WL 81229, at *3 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).